## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL DEXTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0427-WS-M |
| | ) | |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter comes before the Court on *sua sponte* review of plaintiff's *pro se* Complaint.[1]

### I.   Background.

On July 21, 2008, plaintiff William Michael Dexter, proceeding *pro se*, filed a Complaint (doc. 1) against named defendants "State of Alabama *et al.*" and "Federal Government *et al.* (Treasury)." He paid the requisite $350 filing fee at the time he filed his Complaint.

Dexter is no stranger to this District Court. Indeed, it appears that over the last 22 years he has filed at least six other *pro se* lawsuits in this forum. Not a single one of those actions

---

[1]   In reviewing plaintiff's filing, the Court is mindful that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); *see also Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984) (federal district courts must ensure that *pro se* litigants are given "fair and meaningful consideration"). However, plaintiff's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court. *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for him or to rewrite otherwise deficient pleadings on his behalf in order to sustain an action. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). "Even *pro se* litigants must state their claims in an understandable and efficient manner." *Peck v. Merletti*, 64 F. Supp.2d 599, 602 (E.D.Va. 1999).

survived preliminary judicial scrutiny.  *See William Michael Dexter v. Mobile County*, Civil Action 04-0526-WS-B (S.D. Ala. Oct. 12, 2005) (dismissed for failure to file motion to proceed without prepayment of fees as directed by Magistrate Judge); *William Michael Dexter v. State of Alabama*, Civil Action 03-0094-CB-L (S.D. Ala. Apr. 30, 2003) (dismissed as frivolous where "Plaintiff's complaint fails to convey one coherent thought that he wishes the court to address"); *William Michael Dexter v. City of Mobile, et al.*, Civil Action 92-0091-P-S (S.D. Ala. Dec. 16, 1992) (dismissed for lack of jurisdiction); *William Michael Dexter v. State of Alabama*, Civil Action 88-0196-BH-C) (S.D. Ala. Apr. 22, 1988) (dismissed for failure to exhaust state remedies); *William Michael Dexter v. State of Alabama*, Civil Action No. 87–1103-AH-M (S.D. Ala. Nov. 28, 1989) (dismissed as frivolous); and *William Michael Dexter v. State of Alabama, et al.*, Civil Action 86-0637 (S.D. Ala. Nov. 10, 1986) (dismissed as unintelligible).

Unfortunately, Dexter's present Complaint suffers from the same flaws as its predecessors, inasmuch as it is utterly incomprehensible.  The Court is unable to discern how Dexter believes he has been injured, who allegedly injured him, what legal claims he wishes to pursue, why he believes there is federal jurisdiction, or what he wants this Court to do for him. In the section of the form complaint instructing him to state briefly his legal claim or reason for filing suit, Dexter writes the following: "1989-2005 4 Notary Seal's on 1989 Sanction whereby Remmitance was paid through court D. Rel's - 1984-2005 Defendant was below Judgment. $436.81 Employment, Investment, Inheritance Violations.  Contempt to a penalty, April '08. Artifact; PROTECT FORT KNOX (1986) 'Perfect Contempt' 11/13/96 Found within a week." (Doc. 1, at 2.)  Likewise, in the section of his form complaint directing him to state the requested relief, Dexter writes: "Start-End-PENALTY - State of Ala. - 2½ Million Payee's – $2.61 – $6,525,000.00 Federal Atifact - Plain Chalice and few trinket's, - $7.8 Mil. (Not until I get my home in order).  One-dollar from Nation U.S.  5 Counts of immunity on Proper Paper.  I have no friend's - and don't want any friend's."  (*Id.*)  Review of the 40 pages of attachments to this form complaint does nothing to clarify matters, as Dexter makes inscrutable statements such as referencing a "countifeiter" who was sentenced "by using the word 'HOLOGRAPH' for conviction"; stating that "he tried to Freeze the State of Alabama's assets" and that "Alabama would not have had a cent of the remittance if it hit Alabama (Meteor)"; indicating that "Defendant got The Southern District <u>toilet</u>"; that "on that note divided by 60 million years

would Bury (Burial Rite) WALTER CRONKITE at $20,450.00, Defendant Hopes he doesn't seem offended"; and the like.[2]

## II.   Discussion.

### A.      Sua Sponte *Review of Subject Matter Jurisdiction.*

Federal courts have limited subject matter jurisdiction. This means that they have the power to decide only certain types of cases. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001); *Morrison*, 228 F.3d at 1261; *University of South Alabama*, 168 F.3d at 409-10.

Because federal courts have such narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Indeed, as the Eleventh Circuit has explained, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of

---

[2]        In the "statement of facts" section of the form complaint, Dexter writes simply, "NEED ATTORNEY."  This notion is reiterated in certain attachments to his Complaint, wherein Dexter states that he "would appreciate if the Court would appoint Robert Clark, attorney of Record, Mobile, Alabama, since he represented a countifeiter in the year 2001, whereby the countifeiter was convicted and given a eight year sentence by using the word 'HOLOGRAPH' for conviction."  (Doc. 1, at 3.)  To the extent that these statements amount to a request for appointment of counsel, that request is **denied**.

federal jurisdiction and give district courts power the Congress denied them." *University of South Alabama*, 168 F.3d at 410.

It is incumbent on a plaintiff in a federal action to set forth in his complaint the basis for subject matter jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (pleader in federal court must affirmatively allege facts demonstrating the existence of jurisdiction).[3]  In that regard, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.*  Plaintiff has identified no basis for federal jurisdiction, and the incoherent nature of the Complaint precludes the Court from so much as hazarding a guess, for purposes of discussion, as to any conceivable jurisdictional foundation.  Because the Complaint does not reveal any ground for invoking federal subject matter jurisdiction, this action cannot proceed in its present form.  *See generally Morrison*, 228 F.3d at 1261 (once a federal court determines that subject matter jurisdiction is wanting, "the court's sole remaining act is to dismiss the case for lack of jurisdiction").

> **B.     Failure to Provide a "Short and Plain Statement" Showing that Plaintiff Is Entitled to Relief.**

Even if the Court could fathom some jurisdictional foothold for the Complaint, plaintiff's pleading remains fatally flawed because it fails to identify any theory of relief or cause of action in a cogent, coherent manner.  In addition to requiring a short and plain statement of jurisdiction, Rule 8(a) also mandates that a plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.; *see also Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (Rule 8(a) "requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory").

As presently framed, the Complaint falls well short of meeting this fundamental requirement.  Indeed, the Complaint is so confusing, opaque and inscrutable that the defendants

---

[3]      To establish federal subject matter jurisdiction for this action, plaintiff must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331).  *See, e.g., Taylor*, 30 F.3d at 1367 ("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.").

(whoever they may be) cannot reasonably be expected to be placed on notice of the claims against them, formulate an appropriate response, and prepare for trial based on its contents. Courts have routinely dismissed pleadings pursuant to Rule 8(a)(2) where their substance has remained obscured behind a veil of unintelligible nonsense. *See, e.g., Owens v. Shields*, 2002 WL 992391, *1 (2nd Cir. May 15, 2002) (dismissal of complaint appropriate under "short and plain statement" requirement of Rule 8 where even after repeatedly reading the complaint with care, the court could not determine what plaintiff was alleging); *Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp.2d 117, 123 (E.D.N.Y. 2004) (dismissing complaint under Rule 8 where claims are so confused, ambiguous, vague and otherwise unintelligible that their true substance, if any, was well disguised); *Huang v. Shiu*, 124 F.R.D. 175, 177 n.3 (N.D. Ill. 1988) (dismissing complaint where it is written so poorly it simply cannot be understood, inasmuch as it is not the responsibility of the court or the defendants to pore over the complaint in an attempt to ascertain what plaintiff is trying to say). The impenetrable nature of the Complaint in this case would support a similar disposition.

       *C.*       *Leave to Amend.*

       For the reasons explained *supra*, the Complaint violates both Rule 8(a)(1) (requiring jurisdictional allegations) and Rule 8(a)(2) (requiring short and plain statement of claim presented). The remaining question is what remedy should be fashioned.

       The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Dexter has not requested such an opportunity here. That omission would be fatal if plaintiff were represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced in a published decision whether the *Wagner* rule applies to claims brought by a *pro se* plaintiff, and the Court will

assume for purposes of this Order that it does not.[4]

Even if *Wagner* does not apply and even if a *pro se* plaintiff is generally entitled to leave to amend his complaint *sua sponte*, leave to amend need not be provided unless "a more carefully drafted complaint might state a claim." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). In this case, it is abundantly clear that affording Dexter an opportunity to comply with basic pleading requirements would be an exercise in futility. All of his six prior lawsuits filed in this District Court have been dismissed at or near their inception as frivolous, for want of jurisdiction, or for some other threshold defect. *See generally Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). As then-Magistrate Judge Lee noted in recommending dismissal of Dexter's 2003 lawsuit:

> "A review of plaintiff's litigation history with this court reflects that he has been unsuccessful in his prior actions even though he was given opportunities to clarify his complaints and to specify exactly what he wanted the court to do for him. Plaintiff's pleading in this action is typical of his prior pleading and of his inability to focus on a claim and plead facts that would allow the court to understand his claim. Thus, giving the plaintiff the opportunity for further factual development in this action is not warranted."

(Civil Action 03-0094-CB-D, at doc. 4 (S.D. Ala., Apr. 16, 2003).) Dexter has been informed by judicial officers of this District Court over and over again that he must state his claims in a comprehensible manner, yet he has persisted in filing pleadings that are completely incoherent. Under these specific circumstances, the Court concludes that no constructive purpose would be served by directing Dexter to file an amended complaint that comports with the basic pleading requirements of Rule 8. Accordingly, as any amendment would be futile, the Court declines to grant Dexter an opportunity, *sua sponte*, to amend his Complaint.[5]

---

[4]     To the contrary, the *Wagner* court specifically declined to reach that issue. *See Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding *pro se*."). However, the Eleventh Circuit has stated in unpublished decisions that the *Wagner* rule does not apply to a *pro se* plaintiff. *See Case v. Riley*, 270 Fed.Appx. 908, 910 n.5 (11th Cir. Mar. 25, 2008); *Spear v. Nix*, 215 Fed.Appx. 896, 902 (11th Cir. Jan. 29, 2007).

[5]     Besides, where, as here, a plaintiff's claims are dismissed without prejudice, any harm to plaintiff by virtue of not granting him leave to amend his complaint *sua sponte* prior to

**IV.      Conclusion.**

         For all of the foregoing reasons, the Complaint is **dismissed without prejudice**.  A separate judgment will enter.


         DONE and ORDERED this 24th day of July, 2008.


                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

such dismissal is mitigated.  *See, e.g., Bazrowx v. Scott,* 136 F.3d 1053, 1054-55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice); *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982) (dismissal of *pro se* plaintiff's deficient complaint should be without prejudice to allow leave to refile).